# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| KENNETH GRIMSLEY, )<br>#30916-004, )<br> )   CIVIL ACTION NO. 0:06-168-MBS-BD<br>                Petitioner, )<br> )<br>v.                             )   **REPORT AND RECOMMENDATION**<br> )<br>JOHN J. LAMANNA, )<br>Warden, FCI Edgefield, )<br> )<br> )<br>                Respondent. )<br>_____) | |

This Petition for a writ of habeas corpus was filed on January 7, 2006,[1] pursuant to 28 U.S.C. § 2241. Respondent filed a motion to dismiss, or in the alternative, for summary judgment, on April 26, 2006. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on April 27, 2006, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition to the motion on May 30, 2006. This matter is now before the Court for disposition.[2]

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988). See Order filed January 23, 2006, n. 1.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Background**

The background facts in this case are essentially uncontested. On May 7, 1994, Petitioner was arrested by Miami, Florida law enforcement officials for Possession of Cannabis 20 grams or less, and Unlawful Sale or Purchase of Cannabis. He remained in custody until May 8, 1994, at which time he was bonded from the May 7, 1994, arrest. See Respondent's Exhibit 3 (Lathrop Affidavit, ¶ 3). However, on May 9, 1994, Petitioner was placed back into custody by Florida law enforcement officials and was charged with additional state offenses, including Grand Theft 3rd Degree, Attempted 1st Degree Murder, and Robbery. Petitioner thereafter remained in the primary custody of Florida law enforcement officials. Id. at ¶¶ 4-5.

On September 22, 1995[3], Petitioner was sentenced in state court to 364 days for Unlawful Possession of Cannabis 20 grams or less; 5 years for Unlawful Sale or Purchase of Cannabis; 5 years for Grand Theft 3rd Degree; and 10 years for Robbery. The Attempted 1st Degree Murder charge was nolle prossed. Subsequent to his sentencing, Petitioner was placed in the primary custody of the Florida Department of Corrections ("FDOC"). Id. at ¶ 6.

On April 15, 1996, the United States Marshals Service ("USMS") removed Petitioner from the FDOC via a federal writ of habeas corpus and prosequendum to appear for a federal indictment. Petitioner was returned to the FDOC on May 13, 1997. Id. at ¶¶ 6-7. On April 30, 1998, the Petitioner was again removed from the FDOC by the USMC via a federal writ of habeas corpus ad prosequendum, and on April 13, 1999 he was sentenced to a 168 month term of incarceration by the United States District Court for the Southern District of Florida, for Conspiracy to Obstruct,

---

[3]Respondent's memorandum lists May 22, 1995 as the sentencing date. However, that statement appears to be a scrivener's error based upon the document cited, which reflects a sentencing date of September 22, 1995.



Delay, and Affect Commerce by Robbery, to wit: Obtaining Property Belonging to Tourists (18 U.S.C. § 1951(a)). See Respondent's Exhibit One. Petitioner's federal sentence was to run concurrently with the State of Florida sentences. Petitioner was then returned to the FDOC on May 6, 1999, to complete service of the state sentences imposed on September 22, 1995. Id. at ¶¶ 9-11.

On April 1, 2002, Petitioner completed service of the State of Florida sentences and was turned over to the primary custody of federal officials to complete service of the 168 month federal sentence which was imposed on April 13, 1999. Id. at ¶ 12. Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) Edgefield, South Carolina, and has a projected release date of March 20, 2010, via Good Conduct Time (GCT) Release. See Respondent's Exhibit Two.

The Petitioner's federal sentence has been computed as commencing on April 13, 1999, the day it was imposed, since the sentence was concurrent. Petitioner was also awarded 461 days prior custody credit consisting of the time periods May 7, 1994 through May 8, 1994, and June 20, 1994 through September 21, 1995. Finally, Petitioner is eligible to earn 658 days Good Conduct Time, with these calculations resulting in the Petitioner having a projected release date of March 20, 2010. See Respondent's Exhibit 2. However, Petitioner asserts in this habeas action that the sentencing court and the Bureau of Prisons (BOP) have violated the procedural structure of United States Sentencing Guideline § 5G1.3(b) by failing to award him with additional credit to which he believes he is entitled. Petitioner specifically requests that he be granted credit toward his federal sentence for all the remaining time that he spent in state custody and in federal custody while on writ from state custody, not already credited. It is undisputed that the time at issue was credited to Petitioner's state sentence, but has not been credited to his federal sentence.



**Discussion**

Respondent does not contest that, to the extent Petitioner's claim is challenging the BOP's decision not to credit him for prior time served, this claim may be brought under 28 U.S.C. § 2241, and that Petitioner has also exhausted his administrative remedies with respect to this claim. Hughes v. Slade, 347 F.Supp.2d 821 (C.D.Cal. 2004); Jimenez v. Warden, FDIC, Fort Devens, Massachusetts, 147 F.Supp.2d 24, 27 (D.Mass. June 8, 2001); 18 U.S.C. § 3585; see United States v. Shanklin, No. 87-7395, 1988 WL 41128 at **2 (4th Cir. April 28, 1988); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984) [ "It is only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in the district court." ]. See also Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998); United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982). Therefore, this claim is properly before this Court for consideration.

Under federal law,

> [a] federal sentence cannot commence before it is imposed, United States v. Walker, 98 F.3d 944, 945-946 (7th Cir. 1996), and a district court has no power to award presentence credit, United States v. Wilson, 503 U.S. 329, 333 (1992); United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000). A district court may order a federal sentence to run concurrently with an undischarged state sentence, 18 U.S.C. § 3584(a); Romandine v. United States, 206 F.3d 731, 737-738 (7th Cir. 2000) . . . . [b]ut the BOP cannot give credit for any period of presentence custody that has already been credited against another sentence, 18 U.S.C. § 3585(b); Ross, 219 F.3d at 594.

Short v. Revell, No. 05-1890, 152 Fed.Appx. 542, 544 (7th Cir. Oct. 24, 2005)(unpublished). Reviewing Petitioner's sentence history, Petitioner received credit for the time period of May 7, 1994 though May 8, 1994 toward his federal sentence pursuant to 18 U.S.C. §3585(b), as that period of state presentence custody had not been awarded toward any other sentence. See Respondent's Exhibit 2, Exhibit 3 (Lathrop Affidavit, ¶ 15). However, with regard to the period of time that

4



Petitioner was physically in the hands of the United States Marshal before his federal sentencing, he actually remained in the legal custody of the State of Florida during that period and therefore received credit only against his state sentence. Stewart Bailey, 7 F.3d 384, 389 (4th Cir. 1993)[a prisoner is not "in custody" when he appears in another jurisdiction's court pursuant to an ad prosequendum writ; he is merely "on loan" to that jurisdiction's authorities]; Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992); Short, 152 Fed.Appx. at 544; Jake v. Herschberger, 173 F.3d 1059, 1062 n. 1 (7th Cir. 1999); Sinito v. Kindt, 954 F.2d 467, 469 (7th Cir. 1992)(per curiam)[writ of habeas corpus ad prosequendum does not alter custody status]; Flick v. Blevins, 887 F.2d 778, 781 (7th Cir. 1989)(per curiam)[prisoner delivered on writ of *habeas corpus ad prosequendum* does not alter custody status].

Petitioner does not dispute that he was "on loan" during this time and that he remained in the legal custody of Florida during this time period. See Response in Opposition to the Motion, p. 16. Rather, he contends that, regardless of whether he was on loan or not, he should receive federal credit for this time period. Id. However, a prisoner is not entitled to prior custody credit for time spent in federal detention pursuant to a writ of habeas corpus ad prosequendum when the time period was credited against his state sentence. Here, Petitioner had already been sentenced on the state offense and was serving that sentence during the relevant time period. Rios v. Wiley, 201 F.3d 257, 272 (3rd Cir. 2000); United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991); Jimenez, 147 F.Supp.2d at 28. Therefore, this presentence period could not also be credited against his federal sentence. See Ross, 219 F.3d at 594.

Petitioner also contends that he should receive federal credit for the remaining time that he spent in state custody prior to his federal sentencing. However, a prisoner cannot receive



double credit, and prior custody credit will therefore not ordinarily be granted under § 3585 if the prisoner has already received prior custody credit toward another sentence.  See United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)["Section 3585(b) prohibits 'double-credit', i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence."]; United States v. Arroyo, 324 F.Supp.2d 472, cite (S.D.N.Y. 2004)[BOP is precluded from granting credit for time in pre-sentence detention that has already been credited against another sentence]; Nguyen v. Department of Justice, No. 97-6489, 1999 WL 96740 (6th Cir. Feb. 3, 1999); Ransom v. Morton, No. 95-15127, 1995 WL 620935 (9th Cir. Oct. 19, 1995); see also 28 U.S.C. ¶ 3585(b); Bacon v. Federal Bureau of Prisons, No. 545-18, 2001 WL 34684734 (D.S.C. Mar. 22, 2001).

There are some limited exceptions to this rule, one of which is under the holding of Willis v. United States, 438 F.2d 923 (5th Cir. 1971).  The issue before the Court in Willis was whether circumstances could arise which would permit presentence time to be awarded as prior custody credit toward a sentence outside the context of § 3585(b).  In Willis, the defendant was serving concurrent state and federal sentences, and the Willis Court reasoned that during state presentence confirmation, if a person is denied release on state bail because a federal detainer has been lodged against him, then that time was time "spent in custody in connection with the (federal) offense."  Willis, 438 F.2d at 925.  Hence, in that situation, even if the presentence time had been awarded toward his state sentence, it should also be awarded towards the federal sentence, and pursuant to Willis, Petitioner was awarded with prior custody credit time for the time period of June

6



20, 1994 through September 21, 1995. See Respondent's Exhibit 2, Exhibit 3, ¶ 16.[4] Respondent asserts that Petitioner is not eligible to receive credit for the time period of May 9, 1994 through June 19, 1994, however, because this was time spent actually serving sentences for various state offenses (these sentences included Contempt, Trespassing, and Obstruction of Justice). Id. at ¶ 16. The same reasoning holds true for the time period of September 22, 1995 through April 12, 1999. Id. at ¶ 17. On April 13, 1999, the Petitioner's federal sentence was commenced; thus, he began receiving credit on his federal term since that date. Id.

Petitioner does not set forth any other exception to § 3585 which would entitle him to relief, but argues instead that the case law does not support the Respondent's position. Specifically, Petitioner contends that the Third Circuit Court of Appeals in United States v. Dorsey, 166 F.3d 558 (3rd Cir. 1999), rejected the Respondent's position concerning awarding credit for the remaining time. However, a review of that decision confirms that it actually supports the Respondent's position in this case. In Dorsey, the Court held that the *sentencing court* could *allow* credit for time served under a state sentence prior to the imposition of the related federal sentence. In other words, it could be taken into consideration in the total sentence, but not actually given in the form of "time credited" The Court in Dorsey also specifically stated that "[t]his represents a period of imprisonment that *would not* have been credited to the federal sentence by the BOP, as the BOP's later decision confirmed, because it represented a time that the appellant was already serving on his state sentence." Dorsey, 166 F.3d at 560 (emphasis in original). Hence, the Dorsey decision

---

[4]The Respondent's memorandum includes a discussion of Program Statement 5880.28 as it relates to credits under Willis. However, since the Petitioner received these Willis credits and they are not at issue before the Court, the undersigned has not included a discussion of Program Statement 5880.28. Rather, the issue before this Court is the remaining time which has not been credited.

7



reinforces the fact that the BOP cannot credit this time, and Petitioner is therefore not entitled to § 2241 relief for this claim.

Petitioner also argues that one of his co-defendants was given credit for time served in state court prior to his federal sentencing, citing to United States v. Descally, 254 F.3d 1328 (11th Cir. 2001). However, like Dorsey, the relief granted in that petition was on *direct appeal* and the case was remanded to the *sentencing court*. In Descally, the Court found that the sentencing court erred in failing to apply application Note 2 to § 5G1.3(b) and take into account time already served on a state sentence before the federal sentencing. Here, however, Petitioner is seeking relief under § 5G1.3(b), not through a direct appeal, but through habeas relief. This he is unable to do.

> In fact, the two provisions [Note 2 to § 5G1.3(b) and §3585(b)] deal with different kinds of credit. Section 3585(b) awards credit simply for presentence custody. Application Note 2 deals with the specific situation in which a federal sentence is imposed concurrently with an undischarged term of imprisonment under § 5G1.3(b) because the conviction underlying the undischarged sentence has been included in the total offense level. To make the federal and state sentences truly concurrent, the sentencing court must be able to credit time served on the undischarged sentence to the newly imposed sentence. Dorsey, 166 F.3d at 562-563.

United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001).

Respondent does not disagree that the sentencing court had the authority to take into account the time already served on Petitioner's state sentence when sentencing the Petitioner on his federal sentence, and indeed argues that the record reflects that the district court did specifically discuss the application note and that it was taken into consideration when Petitioner received a sentence of only 168 months. While Petitioner obviously disagrees, Respondent correctly points out that Petitioner's sole remedy with regard to any request he is making for credit pursuant to § 5G1.3(b) due to an alleged error that occurred at sentencing is a writ of habeas corpus under 28 U.S.C. § 2255, which must be heard by the sentencing court. Falcetta v. United States, 155



Fed.Appx. 762 (5th Cir. Nov. 22, 2005), cert. denied, 127 S.Ct. 254 (2006); Coloma v. Holder, 445 F.3d 1282, 1285 n. 4 (11th Cir. 2006). Petitioner was convicted and sentenced in the Southern District of Florida. Therefore, this Court lacks jurisdiction to grant Petitioner his requested credit under § 5G1.3(b). Rather, Petitioner must pursue this request in the sentencing court by a petition under 28 U.S.C. § 2255. See United States v. DiRusso, 535 F.2d 673, 674-676 (1st Cir. 1976); Jimenez, 147 F.Supp.2d at 26; but see Grimsley v. Yates, C/A No. 8:05-388-T-27MAP (Court Document #4-3).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion be **granted**, and that Petitioner's claim under §3585(b) be **dismissed, with prejudice.** It is further recommended that Petitioner's claim under § 5G1.3(b) be **dismissed, without prejudice**, in order that Petitioner may pursue that claim in the appropriate court.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

December 8, 2006

9



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

