**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| KENNETH ERIC GRIMSLEY, | C/A No.: 0:06-cv-168-MBS |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| JOHN J. LAMANA, | |
| Respondent. | |

Petitioner Kenneth Eric Grimsley ("Petitioner"), previously confined at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield"), filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 on January 7, 2006. Petitioner brings this action against the warden of FCI-Edgefield, John J. Lamana ("Respondent"). Petitioner contends his sentence, as computed, is violative of 18 U.S.C. § 3585(b), so that he is subject to terms of confinement that exceed his sentence. Specifically, Petitioner claims that time he spent in federal custody while on writ from state custody should be credited to his federal sentence. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

On April 26, 2006, Respondent filed a motion to dismiss, or in the alternative, for summary judgment. By Order issued April 27, 2006, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately. (Roseboro Order (Entry 9).) Petitioner filed a response opposing Respondent's summary judgment motion on May 30, 2006. On December 8, 2006, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted. On December 22, 2006, Petitioner filed an objection to the Magistrate Judge's Report and Recommendation. On March 7, 2007, the Petitioner notified the

court that he has been relocated to FCC-Coleman in Florida.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

**I.     FACTS.**

On May 7, 1994, Petitioner was arrested by Florida law enforcement officials for narcotics violations. Petitioner remained in custody until May 8, 1994, at which time Petitioner was bonded from the May 7, 1994 arrest. However, on May 9, 1994, Petitioner was placed back into custody by Florida law enforcement officials and charged with additional state offenses of grand theft and robbery. Petitioner was convicted of the state charges. On September 22, 1995, Petitioner was sentenced in state court to 364 days for an unlawful possession of cannabis conviction; 5 years for an unlawful sale or purchase of cannabis conviction; 5 years for his grand theft conviction; and 10 years for his robbery conviction. After sentencing, Petitioner was placed in the primary custody of the Florida Department of Corrections ("FDOC").

On April 15, 1996, the United States Marshals Service ("USMS") removed Petitioner from the FDOC via a writ of habeas corpus *ad prosequendum* to appear for federal indictment in the Southern District of Florida. Petitioner was returned to state custody on May 13, 1997. On April 30, 1998, the Petitioner was again removed from state custody by the USMS to face trial on the federal charges. On August 12, 1998, Petitioner entered into a plea agreement with the federal government. On April 13, 1999, Petitioner was sentenced to a 168 month term of incarceration for the federal conviction, to run concurrently with his state sentences.

On April 21, 1999, Petitioner filed a motion for clarification of his sentence. Specifically,

Petitioner requested the sentencing court instruct the Bureau of Prisons ("BOP") that he "receive credit for the time that he has served while on the writ from the State prison system to the Federal prison system." In an order issued on July 20, 1999, the sentencing court denied Petitioner's motion and ruled as follows:

> The import of these decisions interpreting [18 U.S.C. § 3585(b)] is that a defendant should not receive double credit for his detention time. That is to say that if the state credits the defendant for all the time he was in custody while under a federal writ, then the Bureau of Prisons should not be directed to give him the same amount of credit against his federal sentence.
> If the Defendant does not obtain credit either from the state or federal authorities for all the time he was in custody under a federal writ from the state, the Court may, upon a proper showing, grant the Defendant relief under 28 U.S.C. § 2241. Accordingly, the Court declines to intervene at this stage of the proceedings to clarify the Defendant's sentence as requested.

Petitioner was returned to state custody on May 6, 1999 to complete service of his state and federal sentences. On April 7, 2000, the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's federal conviction and sentence. On March 5, 2001, Petitioner filed a motion in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 2255. Specifically, the Defendant alleged ineffective assistance and "requested that the court give him credit for time served in custody while on writ from the State of Florida prison system to the Federal prison system." Petitioner's motion was denied by the Southern District of Florida on October 22, 2001.

On April 1, 2002, Petitioner completed service of the state sentences and was turned over to the custody of federal officials to complete service of the remaining 168 month federal sentence imposed on April 13, 1999. On June 6, 2004, Plaintiff was incarcerated at FCC-Coleman in Florida and filed a 28 U.S.C. § 2241 petition, which was denied by the Southern District of Florida as a second and successive § 2255 petition alleging an ineffective assistance claim.

The Petitioner's federal sentence was computed by BOP as commencing on April 13, 1999, the day it was imposed. Petitioner was also awarded 461 days prior custody credit consisting of the time periods of May 7, 1994 through May 8, 1994, and June 20, 1994 through September 21, 1995.

3

Petitioner contends he also is entitled to credit for time in federal custody from April 5, 1996 to May 13, 1997 and April 30, 1998 to April 13, 1999, the date his federal sentence was imposed. Petitioner's projected release date is March 20, 2010.

## II.     DISCUSSION.

After Plaintiff filed objections to the Report and Recommendation of the Magistrate Judge, he was transferred to a correctional facility in Florida. As a threshold matter, the court must address the impact, if any, of Petitioner's recent transfer out of the District of South Carolina. As construed by the United States Supreme Court, "[t]he federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. § 2242). "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). Thus, the federal habeas statute "requires nothing more than that the court issuing the writ have jurisdiction over the custodian." *Id.* However, jurisdiction "is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 *1 (4th Cir. 1994); *see Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990). Therefore, the court retains jurisdiction to act on the habeas petition.

Petitioner objects that the BOP improperly denied him credit on his federal sentence from when Petitioner was on writ from the state prison system to the federal prison system. Specifically, Petitioner contends that the Magistrate Judge and the BOP misconstrued 18 U.S.C. § 3585(b), and that he is entitled to credit for time served from April 15, 1996 to May 13, 1997 and April 30, 1998 to April 13, 1999. The court disagrees.

A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. *United States v. Miller*, 871 F.2d 488 (4th Cir. 1989). As noted by the Fourth Circuit, judicial review must be sought under 28 U.S.C. § 2241 in the district of

4

confinement rather than in the sentencing court. *Id.* at 490. Calculation of an inmate's sentence is governed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

An employee of BOP has certified that Petitioner received credit from Florida correctional facilities against his state sentence for all time served from April 15, 1996 to May 13, 1997 and April 30, 1998 to April 13, 1999. (Mot. for Summary J., Ex. 3.) Thus, the time Petitioner spent in federal custody "on loan" was credited against another sentence - his state sentence. Petitioner is not entitled to receive double credit - against both his state sentence and his federal sentence - for the time spent in federal custody before his federal sentence was imposed on April 13, 1999. *Garcia-Cruz v. United States of America*, 270 F. Supp. 2d 353, 356 (S.D.N.Y. 2003).

Finally, Petitioner objects that the Magistrate Judge's Report and Recommendation failed to properly account for *United States v. Descally*, 254 F.3d 1328 (11th Cir. 2001), in which Petitioner's co-Defendant received credit on his federal sentence for time served on a state sentence. The court disagrees.

Pursuant to U.S.S.G. § 5G1.3, the Eleventh Circuit held that Petitioner's sentencing court should have taken into account time served by Petitioner's co-Defendant on an undischarged state sentence, as the state offense was taken into account in the determination of the co-Defendant's offense level for the federal conviction. *Descally*, 254 F.3d at 1331. Here, the court's review of the record reveals that Petitioner and Petitioner's co-Defendant are not similarly situated as alleged by Petitioner. For example, when denying Petitioner's 28 U.S.C. § 2255, the Southern District of Florida noted that Petitioner's

> probation officer did not include prior offenses with undischarged sentences when calculating [Petitioner's] offense level. When the circumstances of the prior case formed part of the relevant conduct in

5

> the instant offense, the probation officer assessed no criminal history points for the state conviction. Because the underlying prior conviction was not "fully taken into account in the determination of the offense level for the instant offense," counsel had no lawful basis to object pursuant to U.S.S.G. § 5G1.3.

Accordingly, as held by the Southern District of Florida, the *Descally* ruling can not be extended to provide Petitioner the relief requested.

### III.    CONCLUSION.

Therefore, the court adopts the Report and Recommendation of the Magistrate Judge. For the reasons stated in the Magistrate Judge's Report and Recommendation and herein, the Respondent's motion for summary judgment is **granted** and Petitioner's petition under 28 U.S.C. § 2241 is **dismissed**.

                                             s/ Margaret B. Seymour
                                             Margaret B. Seymour
                                             United States District Court

Columbia, South Carolina

March 28, 2007